## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREN HAWKINS, | ) | |
| DION HAWKINS, | ) | |
| DONELL WINDER, | ) | |
| CHRISTA BATES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-530-SLR |
| | ) | |
| STATE OF DELAWARE | ) | |
| DEPARTMENT OF CORRECTION | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

The Defendant, State of Delaware, Department of Correction (hereafter "DDOC") hereby answers the complaint in this matter as follows:

1.   This paragraph contains a series of legal conclusions for which no responses are required.

2.   This paragraph contains a legal conclusion/legal argument for which no response is required.

3.   This paragraph contains a legal conclusion for which no response is required.

4.   Defendant is without sufficient information to form a belief as to the truth of this paragraph.

5.   Defendant is without sufficient information to form a belief as to the truth of this paragraph.

6.   Defendant is without sufficient information to form a belief as to the truth of this paragraph.

7. Defendant is without sufficient information to form a belief as to the truth of this paragraph.

8. Admitted.

9. Admitted that Vincent Bianco was, and remains, the Warden and that James Hutchins was, and remains, the Deputy Warden assigned to the Central Violation of Probation facility. The balance of the paragraph is denied.

10. This paragraph contains a series of legal arguments/conclusions for which no responses are required.

11. Admitted that Plaintiff Karen Hawkins was promoted to Lieutenant at CVOP, denied as to the remainder of the allegations.

12. Because the paragraph details Plaintiff Karen Hawkins' individual perception of the fairness of overtime assignments, the Defendant is without sufficient information to form a belief as to the truth of this paragraph.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied as to the whole and each subpart.

18. Denied.

19. Denied.

20. Admitted that Plaintiff applied for and received a promotion to Staff Lieutenant, denied as to the remainder of the allegations.

21. Admitted.

22. Admitted that Plaintiff Dion Hawkins is married to Plaintiff Karen Hawkins and that they were one of several couples that worked at CVOP. The Defendant is without knowledge sufficient to form a response as to the remainder of the allegations contained in the paragraph.

23. Denied.

24. Admitted that Plaintiff Dion Hawkins filed a grievance and that Defendant agreed to return Plaintiff Dion Hawkins to his position at CVOP, denied as to the remainder of the allegations contained in the paragraph.

25. Denied as to the whole and each subpart.

26. Admitted.

27. Admitted that Plaintiff Donell Winder expressed his support for Plaintiff Dion Hawkins, denied as to the remainder of the allegations contained in the paragraph.

28. Denied as to the whole and each subpart.

29. Admitted that Plaintiff Crista Bates was hired at the stated time and assigned to CVOP, denied as to the remainder of the allegations contained in the parapgraph.

30. Admitted that Plaintiff Crista Bates became pregnant, denied as to the remainder of the allegations contained in the paragraph.

31. Admitted that Plaintiff Bates was considered for the referenced position, denied as to the remainder of the allegations contained in the paragraph.

32. Denied.

33. Denied.

34. Admitted that Plaintiff Crista Bates expressed her support for Plaintiff Dion Hawkins, denied as to the remainder of the allegations contained in the paragraph.

35. Denied as to the whole and each subpart.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendant incorporates and realleges paragraphs 1 – 39 as if fully stated herein.

41. Denied.

42. Denied.

43. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

44. Defendant incorporates and realleges paragraphs 1 – 43 as if fully stated herein.

45. Denied.

46. Denied.

47. Admitted that Plaintiff Crista Bates was considered for the referenced shift, denied as to the remainder of the allegations.

48. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

49. Defendant incorporates and realleges paragraphs 1 – 48 as if fully stated herein.

50. Admitted that Plaintiff Bates filed a charge of discrimination which was rejected and/or denied by the EEOC.

51. Denied.

52. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

53. Defendant incorporates and realleges paragraphs 1 – 52 as if fully stated herein.

54. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

55. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

56. Defendant incorporates and realleges paragraphs 1 – 55 as if fully stated herein.

57. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

58. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

59. Defendant incorporates and realleges paragraphs 1 – 58 as if fully stated herein.

60. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

61. This paragraph states a legal argument/conclusion that does not require a response, to the extent a response is required it is denied in its entirety.

## DEFENSES AND AFFIRMATIVE DEFENSES

The following defenses and affirmative defenses are set forth without admission of liability or improper conduct as to Defendant, or any of the Defendant's agents or employees:

### First Defense

32. This matter is barred by the Eleventh Amendment of the U.S. Constitution.

### Second Defense

33. The Court lacks original jurisdiction pursuant to Art. III, § 2 of the U.S. Constitution.

### Third Defense

34. The complaint fails to state a legal claim for which relief could be granted.

**Fourth Defense**

35.     The complaint should be dismissed, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

**Fifth Defense**

36.     Plaintiff's claims, in whole or in part, are barred by the appropriate statute of limitation or repose.

**Sixth Defense**

37.     The Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant.

**Seventh Defense**

38.     The Defendant exercised reasonable care to prevent and promptly correct any allegedly unconstitutional behavior by its agents or employees.

**Eighth Defense**

39.     The Plaintiff has failed to mitigate any of her alleged damages.

**WHEREFORE**, the Answering Defendants demand that judgment be entered in their favor as to all claims and against the plaintiff as to all claims and that attorney fees be awarded to the Defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Aaron R. Goldstein
Aaron R. Goldstein, I.D. # 3735
Deputy Attorney General
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Aaron.Goldstein@state.de.us
Attorney for Defendant DDOC.

DATE:   AUGUST 29, 2005

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on August 29, 2005, I electronically filed Defendant's Answer to the Complaint with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Roger D. Anderson, Esquire.

/s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us