IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN HAWKINS,<br>DION HAWKINS,<br>DONELL WINDER,<br>CHRISTA BATES,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF DELAWARE DEPARTMENT<br>OF CORRECTION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-530-SLR<br>)<br>)<br>)    JURY TRIAL DEMANDED<br>)<br>) |

ORDER

At Wilmington this ___30th___ day of __Sept.__, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2 (a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 on or before October 7, 2005.

2. **Discovery.**

   a. Discovery will be needed on the following subjects:

   **For the Plaintiff:** (1) defendant's policies and procedures regarding promotion, transfer, interview, performance review, discipline, overtime, vacation, requests for time off, security, internal investigations, attendance, training, employee, personnel files; (2) defendant's treatment of plaintiffs following any complaint by plaintiffs related to the allegations in the complaint, including but not limited to, disciplinary and other internal investigations; and

10006835.WPD

(3) defendant's treatment of individuals similarly situated to plaintiffs with respect to any of the above.

**For the Defendant**: Defendant would like to take discovery on all subjects listed by plaintiff and additionally: (1) Plaintiff's individual work history/conduct; (2) Plaintiff's salary history; (3) Plaintiff's current employment status; (4) Plaintiff's tax history; (5) Plaintiff's income/earning potential; (6) Plaintiff's education level; (7) Plaintiff's employment disciplinary history; (8) Plaintiff's criminal history (if any); and any other reasonable issue or matter which may develop as discovery progresses.

b.  All fact discovery shall be commenced in time to be completed by April 14, 2006.

c.  Maximum of 25 interrogatories by each party to any other party; additional interrogatories may be propounded by agreement of the parties or leave of court.

d.  Maximum of 50 requests for admission by each party to any other party.

e.  Maximum of 20 depositions by plaintiff and 20 by defendant.

f.  Each deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of parties or order of the Court.

g.  Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by February 13, 2006. Rebuttal expert reports due by March 31, 2006.

h.  **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a

telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties or amend the pleadings shall be filed on or before January 16, 2006.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before May 15, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions in Limine.** All motions *in limine* shall be filed on or before two weeks [8/15/06 SLR] before pre-trial conference. All responses to said motions shall be filed on or before one week [8/22/06] before pre-trial conference.

8. **Pre-trial Conference.** A pre-trial conference with be held on _8/29_, SLR 2006 at _4:30 pm_ in courtroom 6B, sixth floor, Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pre-trial conference.

SLR

9.  **Trial.** This matter is scheduled for a ____5-____ day jury trial commencing on ___9/11/06___ in courtroom 6B, located at 844 King Street, Wilmington, Delaware. For purposes of completing pre-trial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

*[signature]*
UNITED STATES DISTRICT JUDGE