## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KAREN HAWKINS,                          :
DION HAWKINS,                           :
DONELL WINDER,                          :
CHRISTA BATES,                          :
                                        :
       Plaintiffs,                 :
                                        :
    v.                              :     C.A.No. 05-530-SLR
                                        :
STATE OF DELAWARE                       :
DEPARTMENT OF CORRECTION,               :
                                        :
       Defendant,                  :

## PROTECTIVE ORDER

WHEREAS, plaintiffs and defendant expect to request each other to produce information which may be confidential in nature and not generally known to the general public;

WHEREAS, plaintiffs and defendant anticipate serving interrogatories and requests for production of documents which seek production of various documents related to the above-captioned litigation;

WHEREAS, the discovery requests seek certain policy related materials, and other case records that the Department of Correction asserts are confidential and/or privileged pursuant to 11 *Del. C.* § 4322, the executive privilege, the deliberative process privilege, official information privilege, and self critical analysis privilege, and;

WHEREAS, the Department of Correction asserts that 11 *Del. C.* § 4322 prohibits the release of such information in the absence of a formal court order authorizing such release; and

{10010495.DOC}

WHEREAS, the discovery requests seek certain other Department of Correction records and documents, including but not limited to policies, procedures, and personnel records that the Department of Correction has asserted are confidential and/or privileged pursuant to both common law privilege and 11 *Del. C.* § 4322 and/or 29 *Del. C.* § 10002(g); and

WHEREAS, plaintiffs' counsel is seeking the production of such information to properly conduct discovery and to represent the plaintiffs in this action,

NOW THEREFORE, it appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

1.      Any Party or non-party producing material or information in this litigation ("Producing Party") may designate material or information as "Confidential," in which case such material or information shall be treated in accordance with the terms of this Stipulated Protective Order.

2.      The entry of this Stipulated Protective Order shall not waive any objection of privilege, confidentiality, or otherwise as created by federal and state common and statutory law.

3.      The term "Confidential" may be applied only to material or information that the Producing Party in good faith believes is confidential in nature or not known to the general public.

4.      Any document or portion thereof, including any transcript, exhibit, answer to interrogatory, other discovery request or response, affidavit, declaration, brief,

memorandum, or any other paper and any physical object, recording, or thing that a Producing Party believes to contain Confidential Information shall be so designated by stamping or otherwise applying thereto the designation "CONFIDENTIAL", in which case such designated document and the information contained therein shall be treated in accordance with the terms of this Protective Order.  Within five (5) days of entry of this Protective Order, any Producing Party shall notify the other parties if any previously produced documents, not already designated "CONFIDENTIAL" through other means, are now to be designated "CONFIDENTIAL."

5.    Any material or document designated "CONFIDENTIAL" shall (i) be available only to Qualified Persons; (ii) be used solely in connection with this litigation (including appeals); and (iii) not be disclosed to any other person without the prior written consent of the Producing Party or of the Court.

6.    "Qualified Person," as used herein, shall mean:

a.    the plaintiffs; *provided that*, prior to disclosure of any material or information produced by defendant marked "CONFIDENTIAL", plaintiffs' counsel shall (i) provide plaintiffs a copy of this stipulation and order, (ii) inform plaintiffs of the confidentiality of the information being disclosed to him or her, and (iii) inform plaintiffs that the material or information marked "CONFIDENTIAL" may not be disclosed to any other person;

b.    with respect to the defendant, the defendant's employees assisting defendant's counsel in the preparation of the defendant's defense in this case; *provided that*, prior to disclosure of any material or information produced by plaintiffs marked "CONFIDENTIAL", defendant's counsel shall (i) provide defendant's employee a copy of this stipulation and order, (ii) inform defendant's employee of the confidentiality of the information being disclosed to him or her, and (iii) inform defendant's employee that the material or information marked "CONFIDENTIAL" may not be disclosed to any other person; *provided further*, that defendant's counsel shall maintain a written log, producible *ex parte* to the Court upon request of plaintiffs' attorney on the basis of a good faith belief that confidential information has been either disclosed to a non-Qualified Person or otherwise used improperly, identifying the name of defendant's employee

to whom such information was disclosed and the date such employee received and read a copy of this stipulation and order;

c.   any attorney appearing of record or of counsel in this case and their employees including paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting, or clerical personnel;

d.   any independent expert, independent consultant, or independent testing personnel and their employees serving any attorneys identified in Paragraphs 6(a) and 6(b) for the purposes of this case, provided that each such person has signed an undertaking in the form attached hereto as Exhibit A;

e.   any independent paralegal, secretarial, photocopying, document imaging, data entry, data processing, drafting, graphics, stenographic reporting or clerical personnel serving such attorneys identified in Paragraphs 6(a) and 6(b) for the purposes of this case;

f.   any court reporter or videographer employed or retained by a party for the purposes of transcribing and/or recording a deposition or inspection of premises; and

g.   the Court and its personnel.

No other person shall become a Qualified Person without prior leave of Court or prior written consent of the Producing Party.

7.   Material and information marked "CONFIDENTIAL" may be used solely for purposes of this litigation and, if admissible, may be introduced into evidence in any proceeding (including appeals) that is a part of this litigation.

8.   If material or information marked "CONFIDENTIAL" is used in any deposition, the portion of the deposition in which the material or information is used shall be deemed to contain confidential information as defined in this Stipulated Protective Order and shall be treated as if it were marked "CONFIDENTIAL" in accord with this Stipulated Protective Order.   Use of material or information marked

"CONFIDENTIAL" in a deposition shall not change its status under this Stipulated Protective Order.

9.    Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person not authorized pursuant to the terms of this Protective Order, the disclosing party shall (a) use its best efforts to obtain the return of any such Confidential Information; (b) promptly inform such person of all provisions of this Protective Order; and (c) identify such person immediately to the Producing Party.

10.    All documents of any nature that are filed with the Court for any purpose and that contain materials or information marked Confidential shall be filed in sealed envelopes or other sealed containers that are marked with the caption of the litigation, that identify each document and thing contained therein and that bear a statement substantially in the following form:

CONFIDENTIAL –<br>FILED UNDER SEAL

11.    Nothing herein shall be construed (a) as preventing any Party from using or continuing to use any information that, at the time of the disclosure, is publicly known through no unauthorized act of such Party, or (b) as preventing a Party from using or continuing to use any information known or used by it if such information was lawfully obtained by the Party other than through discovery of the Producing Party. Should a dispute arise as to any specific information or material, the burden shall be upon the Party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party.

12.    This order does not change a producing party's burden to establish that information is confidential and subject to this order pursuant to Fed.R.Civ.P. 26.  At

any time any person or entity may challenge a designation of "CONFIDENTIAL" and move for relief.

13.    The inadvertent or unintentional failure by a Producing Party to designate specific documents or information as Confidential shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality as to such documents or information.

14.    The terms of this Protective Order shall be applicable to any third party that produces information that is designated by such third party or by a party hereto as Confidential.

15.    On final resolution of this litigation, each Party and other person subject to the terms hereof shall, within sixty (60) calendar days, destroy or return to the Producing Party all materials, documents and things marked as Confidential.  Counsel for each Party may retain archive copies of pleadings, motion papers, written discovery responses, one set of documents produced by any Party or non-party, and correspondence that include Confidential Information.

16.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the same information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

_____
UNITED STATES DISTRICT JUDGE

## <u>EXHIBIT A</u>

### <u>Undertaking Concerning Confidential Material Covered by Protective Order</u>

The Undersigned hereby acknowledges that he/she has the Protective Order dated_____, 2003 and entered in the United States District Court for the District of Delaware in the action entitled *Karen Hawkins, Dion Hawkins, Donell Winder and Christa Bates v. State of Delaware Department of Correction,* Civil Action No. 05-530 (SLR), that he/she understands the terms thereof, and that he/she agrees to be bound by such terms. The Undersigned hereby acknowledges that the United States District Court for the District of Delaware has subject matter jurisdiction over any matters concerning the Protective Order including, but not limited to, matters concerning disputes, enforcement, and violations of the Protective Order. The Undersigned submits to the personal jurisdiction of the United States District Court for the District of Delaware with respect to any and all matters concerning the Protective Order.


_____          _____
Signature                                Date