# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|                              |   |                        |
|------------------------------|---|------------------------|
| KAREN HAWKINS,               | : |                        |
| DION HAWKINS,                | : |                        |
| DONELL WINDER,               | : |                        |
| CHRISTA BATES,               | : |                        |
|                              | : |                        |
| Plaintiffs,                  | : |                        |
|                              | : |                        |
| v.                           | : | C.A.No. 05-530-SLR     |
|                              | : |                        |
| STATE OF DELAWARE            | : |                        |
| DEPARTMENT OF CORRECTION,    | : |                        |
|                              | : |                        |
| Defendant,                   | : |                        |

## DEFENDANT'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO SEVER

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Linda M. Carmichael (ID#3570)
Deputy Attorney General
820 North French Street
6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated: February 8, 2006

## TABLE OF CONTENTS

PAGE

TABLE OF CITATIONS ........................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS .......................................... 1

SUMMARY OF ARGUMENT ........................................................................... 2

STATEMENT OF FACTS .................................................................................. 5

ARGUMENT ....................................................................................................... 7

      I.      Permissive Joinder – Rule 20(a) ................................................. 7

             A.  Common Transactions or Occurence ........................................ 7

             B.  Common Question of Law or Fact .......................................... 10

      II.     Misjoinder and Non-Joinder of Parties – Rule 21 ..................... 12

      III.    Separate Trials – Rule 42(b) ...................................................... 13

CONCLUSION ................................................................................................... 16

TABLE OF CITATIONS

Anderson v. Consolidated Rail Corporation,
2000 WL 1201456 (E.D.Pa. Aug. 10, 2000) ....................................................................14

Anderson v. Phelps, 655 F.Supp. 560 (M.D.La. 1985)....................................................10

Arroyo v. Chardon, 90 F.R.D. 603 (D.P.R. 1981) ............................................................13

Bailey v. Northern Trust Co., 196 F.R.D. 513 (N.D. Ill. 2000)................................. passim

Bancmortgage Financial Corp. v. The Guarantee Title & Trust Co.,
2000 WL 1521600 (E.D.Pa. Oct. 6, 2000)........................................................................12

Bernardi v. Scranton, 101 F.R.D. 411 (M.D.Pa. 1983) ....................................................13

Dougherty v. Mieczkowski, 661 F.Supp. 267 (D.Del. 1987) ..............................................8

Grayson v. K-Mart Corp., 849 F.Supp. 785 (N.D.Ga. 1994) ..................................... passim

Henderson v. AT&T, 918 F.Supp. 1059 (S.D.Tex. 1996)...........................................14, 15

Hussain, et al. v. TCF Bank, 2004 WL 1470282 (N.D.Ill June 30, 2004).........................9

Johnson v. Indopco, Inc., 846 F.Supp. 670 (N.D.Ill. 1994)..............................................11

Lis v. Robert Packer Hosp., 579 F.2d 819 (3d Cir. 1978) .................................................13

Klimaski v. Parexel Int'l, 2005 WL 857350 (E.D.Pa. Apr. 4, 2005)........................ passim

Madison v. Hennepin County, 2003 WL 21639176 (D.Minn. July 1, 2003) ....................14

Martinez v. Safeway Stores, Inc., 66 F.R.D. 446 (N.D.Cal. 1975) ...................................11

Maclin v. Northern Telecom. Inc., 1996 WL 49558 (N.D.Ill. Aug. 8, 1996)....................10

Moore v. New York Cotton Exchange, 270 U.S. 593 (1926)...............................................8

Moorhouse v. Boeing Co., 501 F.Supp. 390 (E.D.Pa. 1980).......................................14, 15

Morris v. Northrop Grumman Corp., 37 F.Supp. 556 (E.D.N.Y. 1999)............................12

Mosley v. General Motors Corp., 497 F.2d 1330 (8th Cir. 1974). .................................7, 8

The Norwood Co. v. RLI Ins. Co., 2002 WL 523946 (E.D.Pa. Apr. 4, 2002) .................10

Rodin Properties – Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.,
49 F.Supp.2d 709 (D.N.J. 1999) ...................................................................12

Smith v. North Am. Rockwell Corp., 50 F.R.D. 515 (N.D. Okla. 1970) .....................7, 10

Spencer, White & Prentis, Inc. v. Pfizer Inc., 498 F.2d 358 (3d Cir. 1974)...............12, 13

Walsh v. Miehle-Goss-Dexter, Inc. 378 F.2d 409 (3d cir. 1967) .....................................12

Wyndham Assocs. V. Bintliff, 398 F.2d 614 (2d Cir.)
cert. denied, 393 U.S. 977 (1968) .....................................................................12

Xerox Corp. v. SCM Corp., 576 F.2d 1057 (3d Cir. 1978) ...................................................8

United States v. O'Neil, 709 F.2d 361 (5th Cir. 1983) ........................................................12

STATUTES AND OTHER AUTHORITIES

7 C. Wright, A. Miller & M. Kane, Federal Practice and
Procedure § 1653 (3d ed. 2001) ..........................................................................7

42 U.S.C. § 2000e ...............................................................................................1

Fed. Rule Civil P. 13(a) .......................................................................................8

Fed. Rule Civil P. 20(a) .............................................................................. passim

Fed. Rule Civil P. 21 ..........................................................................................12

Fed. Rule Civil P. 42(b) .............................................................................. passim

## NATURE AND STAGE OF PROCEEDING

On July 25, 2005, Karen Hawkins, Dion Hawkins, Donell Winder and Christa Bates (collectively "Plaintiffs") filed a complaint against the State of Delaware, Department of Correction ("Defendant") seeking damages for alleged discrimination on the basis of sex and race under provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII") (the "Complaint").  The Complaint contains six (6) counts.  Counts I, IV and V relate to Karen Hawkins and alleged disparate treatment based on her sex and/or race and retaliation.  Counts II, III and IV relate to Christa Bates and allege disparate treatment based on her sex and retaliation. Count IV and VI relate to Dion Hawkins and Donell Winder and allege disparate treatment based on race and retaliation.

The Defendant answered the Complaint on August 29, 2005.  After holding a Scheduling Conference on September 30, 2005, the Court entered a Scheduling Order setting forth April 14, 2006 as the discovery cutoff date.  The parties have filed their initial disclosures and have engaged in the exchange of discovery requests.

The Plaintiffs have different work histories, backgrounds and job performance. Based on the prejudice and confusion of the issues which would result from a single trial of the Plaintiffs' claims, Defendant has moved to sever the Plaintiffs and to proceed with separate jury trials for each plaintiff before separate juries.

## SUMMARY OF THE ARGUMENT

The District Court has discretion to consolidate actions involving common questions of law or fact where doing so will promote convenience and economy in judicial administration.  The Court also has the discretion to sever parties or claims that have been improperly joined.  Even where parties are properly joined, a court may, in its discretion, sever the claims to further convenience or to avoid prejudice to the parties or jury confusion.

While all the claims of the Plaintiffs rely on disparate treatment and/or retaliation allegations, joinder of the four parties is not warranted because the circumstances of each party's allegations are factually distinct:

1.     Plaintiff Karen Hawkins began her employment with the Defendant in 1987 as a Correctional Officer.  Over the next eighteen (18) years, she received various promotions.   Her allegations include failure to promote due to disparate treatment based on race and sex.  In fact, this Plaintiff received the promotion which is the subject of Count I of the Complaint.

2.     Plaintiff Dion Hawkins began his employment with the Defendant in 1988 as a Correctional Officer.  Over the next seventeen (17) years, he obtained several commendations and has received several lateral transfers.  His allegations include a claim of involuntary transfer based on a retaliation claim and a disparate treatment claim based on race.

3.     Plaintiff Donell Winder began his employment with the Defendant

in 2002.  Since that time he has received a lateral transfer.  Plaintiff

Winder's allegations include a retaliation claim and a disparate

treatment claim based on race.

4.      Plaintiff Christa Bates began her employment with the Defendant

in 1998.  She obtained several lateral transfers and a promotion

before her voluntary resignation in 2005.  This Plaintiff alleges

failure to promote based on her sex and retaliation.

The Plaintiffs all have unique personal, educational and prior work history

backgrounds that were taken into consideration when they were initially hired and also

considered when the Plaintiffs applied for promotions within the Department of

Corrections.  It is all these factors that individualize the Plaintiffs and make each different

from the other.

To be joined, the Plaintiffs must show both that their claims arise from the same

transaction(s) or occurrence(s) *and* that a question of law or fact common to all joined

parties exists.   The Defendant considers each grievance filed, request for a promotion,

and request for a transfer separately from all others.  Because each employment decision

made by the Defendant is a separate transaction or occurrence, not part of some unified

series of transactions or occurrences, they are not amenable to joinder under Fed. Rule

Civil P. 20(a).  Thus, the first prong of requirement of joinder under Rule 20(a) has not

been met.

Likewise, the second requirement has not been met.  Although the Plaintiffs

allege claims against the Defendant based on the same general theories of law, the factual

and legal questions between the plaintiffs and the defendant are based on wholly separate

acts of the Defendant with respect to each plaintiff.  Each individual Plaintiff has alleged claims that require a separate analysis of the plaintiff's work performance, qualifications and actions allegedly taken against him or her.  Therefore, no common question of fact or law, the second element of Rule 20(a), is present and the actions must be severed on this ground.

Alternatively, even if the Court could find that the Plaintiffs were properly joined, severance is necessary to prevent the possibility of prejudice to the Defendant.  It is likely that allowing the claims of Karen Hawkins, Dion Hawkins, Donell Winder and Christa Bates to proceed in a single action will bias the Defendant generally and deflect the jury's attention from the merits of each individual plaintiff's claim.  The evidence relevant to each party's claim is likely to differ significantly.  Furthermore, evidence admissible for the purposes of one party's claim may not be admissible or relevant to the claims of another plaintiff.   In the instant matter, the likelihood of prejudice is greater than the possibility of convenience if the four parties were to proceed together.  Rule 42(b) provides that in furtherance of convenience or to avoid prejudice . . . the Court may order a separate trial of any claim, or any separate issue or any number of claims.  The extreme prejudice that the Defendant would suffer from a joint trial warrants severance.

## STATEMENT OF FACTS

The complaint sets forth allegations made by 4 separate individuals.  These individuals started their employment at the Department of Correction on different dates and at different times in their lives.  Each plaintiff has a unique background including their work history prior to their employment with the Department of Correction.  Even after their initial hiring, each plaintiff took a unique employment path while employed with the Department of Correction.  It is the separate employment histories of each plaintiff which must be considered in the context of their individual actions and the related reaction of the Defendant that are at issue here.  The Plaintiffs were not treated as a whole by the Defendant and should not be treated together for purposes of this suit.

The complaint sets forth the following:

1.      Karen Hawkins alleges that in 2004, she was denied a promotion, through a tainted selection process which subsequently awarded the promotion to a white male. Complaint at ¶¶ 41-43.

2.      Christa Bates alleges that she was denied a promotion in 2003 due to her pregnancy.  Complaint at ¶¶ 45-48.

3.      Christa Bates alleges that she suffered retaliation and was constructively discharged in 2005 due to voicing her concerns regarding discrimination in 2003. Complaint at ¶¶ 50-52.

4.      Karen Hawkins, Christa Bates, Dion Hawkins and Donell Winder allege that they were retaliated against for having complained about discriminatory conduct in the workplace (no specific dates identified).  Complaint at ¶ 54.

5.      Karen Hawkins alleges that she was discriminated against due to

enforcement of policies and procedures in favor of white employees and males  (no specific time period identified).  Complaint at ¶¶ 57-58.

6.      Dion Hawkins and Donell Winder allege that they were discriminated against due to enforcement of policies and procedures in favor of white employees (no specific time period identified).  Complaint at ¶¶ 60-61

The dates and types of allegations vary -  (1) 2004 - failure to promote (white male v. African-American female); (2) 2003 -  failure to promote a white female (pregnancy); (3) 2005 - constructive discharge;  (4) no dates specified – retaliation; (5) no dates specified – discrimination in favor of white employees and male employees; and (6) no dates specified – discrimination in favor of white employees.

There is no common element that ties these allegations together.  Each plaintiff's claims are wholly separate from one another.  For the jury to understand the allegation of one plaintiff, does not require the jury to hear the allegations of any other plaintiff.   If the Plaintiffs were to proceed together, confusion of the facts is patent.  Even within the complaint there are conflicting allegations.  For example, the allegation of discrimination in favor of white employees is directly adverse to Christa Bates, a white female.  The Plaintiffs should be severed and the cases should proceed separately.

**ARGUMENT**

In considering a motion to sever, the Court should consider (1) whether the claims arise out of the same transaction or occurrence, (2) whether the claims present some common questions of law or fact, (3) whether settlement of the claims or judicial economy would be facilitated, (4) whether prejudice would be avoided if severance were granted, and (5) whether different witnesses and documentary proof are required for the separate claims.

For the Plaintiffs cases to be properly joined, they must fulfill both requirements of Federal Rule of Civil Procedure 20(a) ("Rule 20(a)").   "The rule states two requirements for proper joinder:  (1) there must be a right to relief arising out of the same transaction occurrence or series of transactions or occurrences; and (2) there must be a question of law or fact common to all of the plaintiffs which will arise in the action.  Both of these requirements must be satisfied."  *Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515, 552 (N.D. Okla. 1970).

**I.    Permissive Joinder - Rule 20(a)**

**A.  Common Transaction or Occurrence**

The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes thereby preventing multiple lawsuits."  *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974).  To implement this purpose, the transaction and common occurrence requirement should be "read as  broadly as possible whenever doing so is likely to promote judicial economy."  7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1653 (3d ed. 2001).  "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence  . . . a case by

case approach is generally pursued." *Mosley*, 497 F.2d at 1333. The same transaction or occurrence test mirrors the one applied under Federal Rule of Civil Procedure 13(a), under which "[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship." *Mosley*, 497 F.2d at 1333 (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926); *see also*, *Dougherty v. Mieczkowski*, 661 F.Supp. 267, 278 (D.Del. 1987). "A logical relationship between claims exists where the claims involve the same factual and legal issues, where they are offshoots of the same basic controversy between the parties, or where separate trials of each claim would involve a substantial duplication of effort and time by the parties and the court." *Klimaski v. Parexel Int'l*, 2005 WL 857350 (E.D.Pa. April 4, 2005) (citing *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)).

Plaintiffs allege that the Defendant "did not have an adequate policy or complaint procedure for employees subjected to discriminatory and retaliatory conduct." *See* Complaint at ¶ 37. Further, that the Defendant " has a practice of commencing internal investigations and imposing discipline against employees who make internal complaints as a means of discouraging them and other employees from filing or continuing to pursue their complaints." Complaint at ¶ 39.

Although the Plaintiffs allege a pattern and practice of retaliatory conduct, the Plaintiffs' cases actually arise from distinct and unrelated employment actions as set forth more fully in the Statement of Facts. Further, Plaintiffs' causes of actions do not specify a common decision-maker of the alleged discriminatory actions. Moreover, the policies alleged to be discriminatory also vary among the Plaintiffs. The Plaintiffs allegations as

set forth in the complaint are not enough to satisfy the first prong of Rule 20(a).  "Where the only relationship is the fact that all plaintiffs work for one employer and all the claims are based on race discrimination, joinder is inappropriate."  *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 517 (N.D. Ill. 2000).

In *Bailey*, five African American female employees each filed individual discrimination charges seeking relief for alleged race discrimination.  *Id.* at 514.  The employer moved to sever the plaintiffs' claims "asserting that the claims [arose] out of different transactions and occurrences, involving separate and distinct employment decisions."  *Id.* at 515.  The employer argued that the plaintiffs' cases were improperly joined because the types of adverse employment actions varied, the employees held various positions in the company and the employment actions complained of were made by different section managers at different times.  *Id.* at 515-516.  The *Bailey* Court held that the plaintiff's claims involved "discrete and individualized circumstances" and did not "constitute one logical transaction or occurrence or series of transactions or occurrences for purposes of Rule 20(a)."  *Id.* at 517.

Likewise, in *Hussain, et al v. TCF Bank*, 2004 WL 1470282 (N.D.Ill. June 30, 2004), the court was presented with a motion to sever three plaintiffs' claim or alternatively, to separate the trials.  The plaintiffs in *Hussain* collectively alleged adverse employment actions against them including being denied a probation, being put on probation, being transferred and being constructively discharged.  *Id.* at *2.  The *Hussain* court found that there were many factual differences between the plaintiffs' claims which illustrated entirely separate claims arising from different occurrences.  *Id.*  Additionally, "[t]he time period of alleged discrimination for each Plaintiff does not directly coincide."

*Id.* Further, that the plaintiffs' claims require a separate analysis of the individual plaintiff's work performance and qualifications. The court concluded it must also consider "the qualifications of the other employees that each individual plaintiff competed with for the promotions and consider each of the plaintiff's supervisor's conduct and history with that particular plaintiff." *Id.* at *3. For these reasons, the *Hussain* court held that each of the plaintiff's claims were entirely distinct and granted severance. *Id.*

Similarly, in the instant case there is no evidence of any discrete policy that affected each plaintiff or of any casual link between an identifiable common wrongful act and the alleged adverse actions taken with respect to each plaintiff. The facts, as pled, demonstrate that the allegations do not support joinder pursuant to Rule 20(a). *See Maclin v. Northern Telecom. Inc.*, 1996 WL 49558 (N.D.Ill. Aug. 8, 1996) (granting motion to sever plaintiff's discrimination claims against defendant because claims did not arise out of same transaction or occurrence); *Grayson v. K-Mart Corp.*, 849 F.Supp. 785, 787 (N.D.Ga. 1994) (granting motion to sever plaintiffs' age discrimination claims for failure to satisfy either prong of Rule 20).

### B. Common Question of Law or Fact

With regard to the second prong of Rule 20, "the law of this Circuit demonstrates that the same series of transactions or occurrences prerequisite under Rule 20 essentially consumes the second requirement that there arise a question of law or fact common to all joined parties." *The Norwood Co. v. RLI Ins. Co.*, 2002 WL 523946 (E.D.Pa. April 4, 2002) at *3. Although Plaintiffs' claims rest upon the same general theories of law, this is not sufficient. *Rockwell*, 50 F.R.D. at 524; *see also Anderson v. Phelps*, 655 F.Supp.

560 (M.D.La. 1985) (accord); *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 449

(N.D.Cal. 1975) (accord); *Johnson v. Indopco, Inc.*, 846 F.Supp. 670, 676 (N.D.Ill.

1994).

 In *Grayson v. K-Mart Corporation*, 849 F.Supp. 785 (N.D.Ga. 1994), eleven store

managers filed suit seeking damages based on age discrimination.  The *Grayson* court

held that "each demotion decision affecting the plaintiffs . . . was a discrete act by the

defendant."  *Id.* at 789.  Further, that the factual and legal questions between the parties

were based on wholly separate acts of the defendant with respect to each individual

plaintiff.  *Id.*  Thus, no common questions of fact or law exists, the second element of

Rule 20(a), and therefore the actions must be severed on this ground.  *Id.*

 The same result was had in *Bailey v. Northern Trust,* 196 F.R.D. 513 (N.D.Ill.

2000).  After consideration of the plaintiffs' claims, the *Bailey* court determined that

"[b]ecause the factual and legal questions between the plaintiffs and the defendant are

based upon wholly separate acts of the defendant with respect to each plaintiff, the

second requirement of Rule 20(a) is not met, and the actions must be severed . . . ."  *Id.*

at 517.  Likewise, in *Klimaski et al v. Parexel Int'l*, 2005 WL 857350 (E.D.Pa. 2005),

two plaintiffs brought an action based on defamation and retaliatory discharge.  The

*Klimaski* court found that each plaintiff's allegedly protected reporting activity was

factually distinct.  *Id.* at *4.  Therefore, the plaintiffs claim would not have a common

basis and severance was appropriate.  *Id.*

 The same analysis should prevail here.  Although the Plaintiffs appear to allege a

pattern or practice of discrimination in their suit, the complaint in reality sets forth

separate acts of the Defendant which are factually distinct to each plaintiff therefore no

common question of law or fact exists and severance is proper.

## II.      Misjoinder and Non-Joinder of Parties – Rule 21

The cure as set forth in Rule 21 is not limited to misjoinder of parties.  Rule 21

states that "[a]ny claim against a party may be severed and proceeded with separately."

Fed. R. Civ. P. 21.  It has long been established that a "motion for severance . . . is

addressed to the sound discretion of the trial court."  *Walsh v. Miehle-Goss-Dexter, Inc.*,

378 F.2d 409, 412 (3d Cir. 1967).  Although, the Court has not set forth exactly what

factors should be considered when making a Rule 21 severance determination, there

appears to application of the Rule 42(b) factors.  Compare *Rodin Properties –Shore Mall,*

*N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F.Supp. 2d 709, 721 (D.N.J. 1999) (no

factors); with *Bancmortgage Financial Corp. v. The Guarantee Title & Trust Co.*, 2000

WL 1521600 at *2 (E.D.Pa. October 6, 2000) (Rule 42(b) factors apply); *Morris v.*

*Northrop Grumman Corp.*, 37 F.Supp. 556, 580 (E.D.N.Y. 1999) (same).

In *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983), the district court

severed the counterclaims raised by the defendant from the original claims brought by the

plaintiff.  The *O'Neil* court found in *Wyndham Assocs. v. Bintliff*, 398 F.2d 614 (2d Cir.),

*cert. denied*, 393 U.S. 977 (1968) that Rule 21 was not limited to the curing of a

misjoinder of parties but was also applicable to claims.  The *Wyndam* court held that

severance was proper, stating that "[Rule 21] authorizes the severance of any claim, even

without a finding of improper joinder, where there are sufficient other reasons for

ordering a severance."  *Id.* at 618.  The Third Circuit agrees that Rule 21 may be used to

sever the claims of a properly joined plaintiff.  *Spencer, White & Prentis, Inc. v. Pfizer*

*Inc.*, 498 F.2d 358 (3d Cir. 1974).  Specifically, the Third Circuit stated that the

"justification for severance is not confined to misjoinder of parties." *Id.* at 361. Even

assuming *arguendo* that the Plaintiffs are properly joined, a joint trial of all of the

Plaintiffs' claims presents a substantial risk of prejudice to the Defendant warranting

severance.

### III.    Separate Trials – Rule 42(b)

Rule 42(b) provides in pertinent part:

> **Separate Trials**. The court, in furtherance of convenience or to avoid
> prejudice, or when separate trials will be conducive to expedition and
> economy, may order a separate trial of any claim, cross-claim, counter-
> claim, or third-party claim, or of any separate issue or of any number of
> claims . . . always preserving inviolate the right of trial by jury as declared
> by the Seventh Amendment to the Constitution or as given by a statue of
> the United States.
> .

The Court is provided broad discretion to decide whether or not plaintiffs' cases should

be tried separately. *Arroyo v. Chardon*, 90 F.R.D. 603, 605 (D.P.R. 1981; *see also*

*Bernardi v. Scranton*, 101 F.R.D. 411 (M.D.Pa. 1983) (accord). In making its decision,

"the trial court must balance the probable savings of time and effort against the likelihood

that a party might be prejudiced, inconvenienced or put to extra expense." *Bernardi*, 101

F.R.D. at 413; *see also Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978).

To prevail, each plaintiff must prove the defendant's liability. It is this precise

need for the jury to focus its attention on the merits of each individual case that

disassembles the one consolidated trial argument. "There is a tremendous danger that

one or two of plaintiff's unique circumstances could bias the jury against the defendant

generally, thus, prejudicing defendant with respect to the other plaintiffs' claims."

*Grayson*, 849 F.Supp at 790. Title VII does not provide a plaintiff the right to recover

because the defendant may have discriminated against another plaintiff.

**13**

Given the facts of this case, it is likely that if the Plaintiffs are tried together, that single trial would require the jury to keep separate each plaintiff's individualized claim and work history, presenting the jury with the "hopeless task of trying to discern who did what to whom and for what reason." *Moorhouse v. Boeing, Co.,* 501 F.Supp. 390, 392 (E.D.Pa. 1980). A jury may take an easy path to resolve the confusion by considering all the evidence as to <u>all</u> the plaintiffs' claim instead of properly determining what is relevant to only <u>one</u> plaintiff's case. *See Grayson*, 849 F.Supp. 785, 791 (concluding "that in view of the different facts, which are pertinent to each of these . . . claims, defendant would suffer prejudice if the claims were tried together."); *Bailey*, 196 F.R.D. 513, 518 (concluding "that it would be extremely prejudicial to the defendant if the claims of the plaintiffs are tried jointly."); *Klimaski*, 2005 WL 857350 at *5 (finding "that the likelihood of prejudice is greater than the possibility of convenience if the three parties were to proceed together."); *Henderson v. AT&T*, 918 F.Supp. 1059, 1063 (S.D.Tex. 1996)(concluding that "[c]learly, trying the claims in one action would be extraordinarily confusing for the jury, requiring the jury to keep separate more than twenty claims of five Plaintiffs."); *Madison v. Hennepin County*, 2003 WL 21639176 at *4 (D.Minn. July 1, 2003) (deciding to revisit the issue after the close of discovery but stating that the "Court is mindful that a single trial with numerous plaintiffs poses a distinct risk of prejudice to defendant and potential difficulties for the jury.")

The plaintiffs would not be prejudiced in going forward with separate trials. *Bailey*, 196 F.R.D. at 518. In fact, such a procedure would produce an efficient and fair disposition of the parties' claims. *Anderson v. Consolidated Rail Corporation*, 2000 WL 1201456 at *2 (E.D.Pa. Aug. 10, 2000) (concluding that the holding of separate trials will

14

"avoid needless confusion of issues and claims before the jury and the danger that the jury will improperly consider evidence admissible as to one or more plaintiffs but not as to others."). To proceed in a single action, would be extremely difficult for the jury, even if given a limiting instruction. *Klimaski*, 2005 WL 857350 at *5; *See also Henderson*, 918 F.Supp at 1063-0164; *Moorhouse v. Boeing Co.*, 501 F.Supp. at 393-94.

        In view of the different facts relevant to each plaintiff's claim, defendant would suffer incurable prejudice if the claims were tried together. Even the potential inconvenience and expense of separate trials does not outweigh the extreme prejudice to the defendant. The Plaintiffs must <u>each</u> prove their case. The jury must be able to consider only relevant evidence as to <u>each</u> plaintiff in determining whether the defendant is liable. To permit the Plaintiffs to proceed to trial jointly would allow non-relevant evidence to be considered and thus bias a jury against the defendant generally. No instruction would be sufficient to undue the harm caused by the confusion of the issues and claims.

**CONCLUSION**

The Plaintiffs' claims fail to demonstrate that they arise from the same transaction or occurrence or series of transactions or occurrences. Further, the Plaintiffs' claims do not present a question of law or fact common to all the Plaintiffs. For these reasons, the Plaintiffs are not properly joined and the Court should sever their claims. Alternatively, if the Court should determine that the Plaintiffs' claims are properly joined, the Court should sever the claims in the interest of justice because a joint trial would create an unrectifiable prejudice against the defendant. For these reasons, the Court should exercise its discretion to sever the Plaintiffs and proceed with separate trials before separate juries.

I:\ALABOR\CARMICHAEL\Hawkins et al v. State\Motion to Sever Opening Brief .doc

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KAREN HAWKINS, | : | |
| DION HAWKINS, | : | |
| DONELL WINDER, | : | |
| CHRISTA BATES, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No. 05-530-SLR |
| | : | |
| STATE OF DELAWARE | : | |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendant, | : | |

**STATEMENT PURSUANT TO DIST. CT. D. DEL.R. 7.1.1**

I, Linda M. Carmichael, DAG, counsel for Defendant, contacted Plaintiffs'

counsel, Roger D. Anderson, Esquire, in an attempt to resolve the Defendant State of

Delaware Department of Correction's Motion to Sever.  Counsel were unable to agree, at

this time, that severance was appropriate.

                                                                s/s Linda M. Carmichael
                                                                Linda M. Carmichael, DAG

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KAREN HAWKINS, | : | |
| DION HAWKINS, | : | |
| DONELL WINDER, | : | |
| CHRISTA BATES, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No. 05-530-SLR |
| | : | |
| STATE OF DELAWARE | : | |
| DEPARTMENT OF CORRECTION, | : | |
| | : | |
| Defendant, | : | |

<u>**NOTICE AND CERTIFICATE OF SERVICE**</u>

I, Linda M. Carmichael, Attorney for Defendant State of Delaware Department of Correction, hereby certify that on February 8, 2006, I served upon the person listed below two true and correct copies of Defendant State of Delaware Department of Correction's Brief Supporting Defendant's Motion to Sever in the above-captioned matter by U.S. Mail:

> Roger D. Anderson, Esquire
> Smith, Katzenstein, & Furlow
> The Corporate Plaza
> 800 Delaware Ave.
> P.O. Box 410
> Wilmington, DE 19899
> *Attorney for Plaintiffs*

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/S/ Linda M. Carmichael
Linda M. Carmichael (I.D. # 3570)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
linda.carmichael@state.de.us
Attorney for Defendant

**18**

### *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on February 8, 2006, I electronically filed Defendant State of Delaware Department of Correction's Brief Supporting Defendant's Motion to Sever with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Roger D. Anderson, Esquire.

<u>/s/ Linda M. Carmichael</u>
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
linda.Carmichael@state.de.us