**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KAREN HAWKINS, : | |
| DION HAWKINS, : | |
| DONELL WINDER, : | |
| CHRISTA BATES, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | C.A.No. 05-530-SLR |
| : | |
| STATE OF DELAWARE : | |
| DEPARTMENT OF CORRECTION, : | |
| : | |
| Defendant, : | |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO SEVER**

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Linda M. Carmichael (ID#3570)
Deputy Attorney General
820 North French Street
6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated: March 2, 2006

TABLE OF CONTENTS

PAGE

TABLE OF CITATIONS ................................................................................................. ii

ARGUMENT .....................................................................................................................1

    I.     Under the Standards and Guidelines of Permissive Joinder –
         Rule 20(a), Plaintiffs Have Not Properly Alleged Claims That
         Should Be Joined .........................................................................................1

    II.    Severance is Discretionary and Appropriate Given the Facts of
         the Instant Case ...........................................................................................5

CONCLUSION ..................................................................................................................8

## TABLE OF CITATIONS

Alexander v. Fulton County, 207 F.3d 1303 (11th Cir. 2000)..........................................2, 3

Fong v. Rego Park Nursing Home, 1996 WL 468660 (E.D.N.Y. Aug. 7, 1996) ................5

King v. Pepsi Cola Metropolitan Bottling Co., 86 F.R.D. 4 (E.D.Pa. 1979)......................5

Madison v. Hennepin County, 2003 WL 21639176 (D.Minn. July 1, 2003) .................3, 7

Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142 (E.D.Pa. 2001)..............................7

Smith v. North Am. Rockwell Corp., 50 F.R.D. 515 (N.D. Okla. 1970) ............................1

### STATUTES AND OTHER AUTHORITIES

Fed. Rule Civil P. 20(a) ...............................................................................................1, 2

# ARGUMENT

## I. Under the Standards and Guidelines of Permissive Joinder - Rule 20(a), Plaintiffs Have Not Properly Alleged Claims That Should Be Joined.

For the Plaintiffs' cases to be properly joined, they must fulfill both requirements of Federal Rule of Civil Procedure 20(a) ("Rule 20(a)"). Plaintiffs contend in their Answering Brief that their claims do satisfy both requirements in that they arise out of the same transaction, occurrence or series of transactions or occurrences and that there is a question of law or fact common to all of the Plaintiffs in this action. *Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515, 552 (N.D. Okla. 1970). The Plaintiffs claims, as alleged, do not arise out of the same transaction or occurrence, and do not have a common question of law or fact, and therefore should not be joined.

Plaintiffs appear to assert that their claims are "logically related" because of some yet to be identified common pattern and practice by the Defendant of failing to prevent retaliation against employees who allege discrimination. However, it is undisputed that the individual plaintiffs are all alleging a different factual basis for how that alleged discrimination affected each of them. For example, Plaintiff Karen Hawkins alleges discrimination related to the filing of grievances regarding the assignment of overtime. In Plaintiffs' Answering Brief, Plaintiff Dion Hawkins appears to assert that he was discriminated against based upon his marital status.[1] Thus, it would appear that Plaintiffs Karen and Dion Hawkins contend that their claims are logically related due to their marital relationship, not due to any common factual basis for their claims. The other Plaintiffs Winder and Bates then assert that their claims are logically related due to letters filed in response to Plaintiff Dion Hawkins' involuntary transfer. However, the

---

[1] Title VII does not protect against discrimination based on marital status *per se*.

1

complaint demonstrates that each individual plaintiff filed individual claims based upon individual circumstances which they allege resulted in discriminatory conduct on behalf of the Defendant. These claims were detailed in Defendant's Opening Brief and thus, will not be repeated here. Plaintiffs' claims clearly do not arise from the same transaction or occurrence and therefore do not meet the first requirement of Rule 20(a).

In support of their position that the Plaintiffs share a common question of law and fact, the Plaintiffs cite to *Alexander v. Fulton County*, 207 F.3d 1303 (11th Cir. 2000), for the proposition that although the "plaintiffs suffered different effects . . . from the alleged policy of discrimination [it] did not preclude the trial court from finding a common question of law and fact." *Id.* at 1324. Unlike the Plaintiffs in the instant action, the Alexander plaintiffs were a certified class. Moreover, all of the *Alexander* plaintiffs alleged that "they were subject to a systemic pattern or practice of race-based discrimination." *Id.* The *Alexander* court, stated that "[a]lthough we recognized that unfair prejudice may result from trying together the claims of multiple plaintiffs alleging different types of discrimination . . . we discern no abuse of discretion . . . in the decision to join the Plaintiff's claims in this case." *Id.* at 1322.

In *Alexander,* the court affirmed joinder of eighteen (18) sheriff's deputies where it was uncontroverted that "[p]laintiffs all seek relief based on the same series of discriminatory transactions by the same decision maker in the same department during the same short time frame." *Id.* The *Alexander* court's procedural posture was much different that this Court's position regarding the case at bar. The *Alexander* court's decision was based on a <u>post-trial</u> rehearing motion, not a <u>pre-trial</u> motion. Further, in the present case, Plaintiffs have alleged differing causes of action – not solely race-based

discrimination. Plaintiffs have not alleged that a particular supervisor discriminated against them but have indicated that the Central Violation of Probation facility was under the management of Warden Vincent Bianco and Deputy Warden James Hutchins. The complaint does not provide any specific details regarding the involvement of these individuals. Therefore, Plaintiffs' reliance on *Alexander* is tenuous at best.

Likewise, Plaintiffs' reliance on the court's denial of severance in *Madison v. Hennepin County*, 2003 WL 21639176 (D. Minn. 2003) is questionable. While it is true that the *Madison* court did not order severance, the *Madison* court did find it necessary to note that "it might be appropriate to revisit this issue after discovery, or perhaps after dispositive motions have been decided. The Court is mindful that a single trial with numerous plaintiffs poses a distinct risk of prejudice to defendant and potential difficulties for the jury." *Id.* at *4. Like the *Alexander* court, the *Madison* court was faced with plaintiffs who all raised race discrimination claims.

Again, the claims pled in the present case are not all the same. Of special significance is the fact that both the *Alexander* and *Madison* courts noted the risk of prejudice to the defendant. Even in cases where there is a single basis of discrimination alleged, the likelihood of prejudice was evident and a concern to the court. The defendants in *Alexander* suggested that "there was no way to try together eighteen plaintiffs, each involving different work histories, employment decisions and prayers for relief, without unfairly prejudicing their defense and confusing the jury." 207 F.3d at 1325. In response, the *Alexander* court acknowledged "the real potential for confusion among jurors and for unfair prejudice to a defendant where there are large numbers of plaintiffs, claims and defenses, and urge care in joining together in one case multiple

3

claims and multiple claimants . . . ." *Id.*

Plaintiffs also allege that their "claims are each tied to the other by acts of support for the other plaintiffs or acts in opposition to discrimination and retaliation by Defendant against the Plaintiffs." It is difficult to reconcile this statement with the allegations as set forth in the complaint. One clear example is Count III, paragraphs 45 through 47, which appears to indicate that Plaintiff Bates was denied a promotion due to her pregnancy at the time. The alleged denial of Plaintiff Bates' promotion due to her pregnancy does not appear to be logically related to the claims of the other plaintiffs. Further, Count III does not appear to arise out of the same transaction or occurrence. Lastly, Count III does not appear to be tied to another claim by any act of "support" or "in opposition to discrimination" as purported.

The Plaintiffs have chosen to file a complaint setting forth separate causes of actions seeking individual relief for each of the plaintiffs. Each plaintiff's right to relief is dependent upon proof of the operative facts giving rise to an enforceable right in favor of that plaintiff. In some counts, the Plaintiffs allege discrimination based on race or sex or both. Plaintiffs further contend that the alleged discrimination resulted in either their failure to obtain promotions, a constructive discharge, an involuntary transfer, disparate treatment, or any combination of the foregoing. To evaluate these claims, the Court must look at the individuals separately and inquire about each individual's work history, education and job performance. The jury must be able to consider only the facts related to a single plaintiff when rendering a decision regarding that plaintiff's claim. The Plaintiffs chose not to seek class certification and should not be permitted to present their individual unrelated claims as a class to a jury.

4

### II. Severance is Discretionary and Appropriate Given the Facts of the Instant Case.

Plaintiffs counter that discretionary severance should not be granted because they **anticipate** that there will be substantial overlap in witness testimony. In support of their position, the Plaintiffs cite to *King v. Pepsi Cola Metropolitan Bottling Co.*, 86 F.R.D. 4 (E.D.Pa. 1979). The *King* plaintiffs originally brought an action individually and as a class alleging race discrimination. The *King* court dismissed plaintiffs claims brought under the Thirteenth and Fourteenth Amendments and also, **dismissed each plaintiffs claims brought individually under Title VII**. *Id.* at 5. The *King* court was then left with a class bringing claims brought under 42 U.S.C. § 1981. Again, this is not the factual scenario of the instant case. Plaintiffs are not a class and it is not possible for the Plaintiffs to bring an action against the Defendant pursuant to 42 U.S.C. § 1981.

Plaintiffs also cite to *Fong v. Rego Park Nursing Home*, No. 95 Civ. 4445, 1996 WL 468660 (E.D.N.Y. Aug. 7, 1996) in support of their position that discretionary severance should not be granted. In this case, the *Fong* court found that there was one specific supervisor who was involved in the termination of each of the plaintiffs. *Id.* at *3. Therefore, the *Fong* court found that the burden of separate trials on the defendant was outweighed by the benefit to all parties. *Id.* These, again, are not the facts of the instant case. The alleged affects of the discrimination on the Plaintiffs varies, it is not limited to termination by one supervisor.

If there is any overlap in witness testimony it would likely be as to the Defendant's witnesses. Protecting the jury from hearing irrelevant testimony outweighs any possible inconvenience to the witnesses. The cumulative effect of hearing testimony not related to each plaintiff's claim would be highly prejudicial to the Defendant. The

jury should only be permitted to hear and consider testimony relevant to a particular plaintiff's claim not as to all the plaintiffs' claims.

Plaintiffs also argue that they and the Court would be substantially inconvenienced and prejudiced if the Motion to Sever is granted. That argument sounds in *laches*. The Plaintiffs contend that to grant the Motion would potentially quadruple the parties discovery obligations and would significantly delay trial. Defendant propounded written discovery on each plaintiff separately. Discovery has progressed in accordance with the scheduling order. Plaintiffs have responded to each written discovery request separately and therefore any prejudice or confusion in separating the cases at this point has been minimized by the Defendant's discovery method. The depositions of witnesses still need to be completed. Defendant filed its Motion to Sever at this time, and in anticipation of those upcoming depositions, so that the record as to each Plaintiff would be clear.

It is likely that one or both parties will be filing motions for summary judgment. If the Court were to allow the Plaintiffs to proceed together through the deposition phase, the deposition transcripts will be cumbersome because there would be testimony related to various Plaintiffs intermingled throughout. If the Court were to permit severance, each deposition would focus on each plaintiff's allegations producing a clear and useful transcript. As stated earlier, the likely possible discovery inconvenience would be multiple depositions of Defendant's witnesses. Separating the cases so that the facts and allegations as to each plaintiff may be discerned will provide the court and a jury with a clearer picture and thus allow for a just decision.

Although the Plaintiffs first argue laches, they subsequently appear to argue the

6

contrary in that the Motion to Sever is premature. Although the court in *Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142 (E.D. Pa. 2001)* and the *Madison* court found that severance was better suited closer to trial, Defendants contend that now is the appropriate time for severance given the facts of this case. No depositions have been taken and therefore the transcripts that will be used for purposes of summary judgment and trial will be clear and concise as to each plaintiff. In almost all of the decisions cited the danger of prejudice and jury confusion is evidence. The Courts, to avoid jury confusion and prejudice, granted severance or indicated that they would have granted severance, therefore, the potential harm is not mere speculation but a reality.

**CONCLUSION**

The Plaintiffs' claims fail to demonstrate that they arise from the same transaction or occurrence or series of transactions or occurrences. Further, the Plaintiffs' claims do not present a question of law or fact common to all of the Plaintiffs. For these reasons, the Plaintiffs are not properly joined and the Court should sever their claims. Alternatively, if the Court should determine that the Plaintiffs' claims are properly joined, the Court should sever the claims in the interest of justice because a joint trial would create an unrectifiable prejudice against the defendant. For these reasons, the Court should exercise its discretion to sever the Plaintiffs and proceed with separate trials before separate juries.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

  /s/Linda M. Carmichael
Linda M. Carmichael (ID#3570)
Deputy Attorney General
820 North French Street
6th Floor
Wilmington, DE 19801
(302) 577-8400

Dated: March 2, 2006

**I:\ALABOR\CARMICHAEL\Hawkins et al v. State\Motion to Sever Reply Brief .doc**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN HAWKINS, : | |
| DION HAWKINS, : | |
| DONELL WINDER, : | |
| CHRISTA BATES, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | C.A.No. 05-530-SLR |
| : | |
| STATE OF DELAWARE : | |
| DEPARTMENT OF CORRECTION, : | |
| : | |
| Defendant, : | |

### NOTICE AND CERTIFICATE OF SERVICE

I, Linda M. Carmichael, Attorney for Defendant State of Delaware Department of Correction, hereby certify that on March 2, 2006, I served upon the person listed below two true and correct copies of Defendant State of Delaware Department of Correction's Reply Brief Supporting Defendant's Motion to Sever in the above-captioned matter by U.S. Mail:

Roger D. Anderson, Esquire
Smith, Katzenstein, & Furlow
The Corporate Plaza
800 Delaware Ave.
P.O. Box 410
Wilmington, DE 19899
*Attorney for Plaintiffs*

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**
>
> /S/ Linda M. Carmichael
> Linda M. Carmichael (I.D. # 3570)
> Deputy Attorney General
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> linda.carmichael@state.de.us
> Attorney for Defendant

9

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on March 2, 2006, I electronically filed Defendant State of Delaware Department of Correction's Reply Brief Supporting Defendant's Motion to Sever with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Roger D. Anderson, Esquire.

/s/ Linda M. Carmichael
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
linda.Carmichael@state.de.us