IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DION HAWKINS, et al.,** ) | |
|     **Plaintiffs,** ) | |
| ) | |
| ) | |
| v. ) | C.A. No. 05-530-SLR |
| ) | |
| ) | |
| **STATE OF DELAWARE,** ) | |
| **DEPARTMENT OF CORRECTION,** ) | |
|     **Defendant** ) | |

## MOTION FOR PROTECTIVE ORDER

The defendants move pursuant to Rule 26(c) and Local Rule 30.2 for an Order staying the deposition of Monica Washington, until such time as the Court has ruled on the privilege asserted herein.  The defendants seek a protective order that such discovery not be had, for the reasons set forth below.

    1.    On April 18, 2006, the plaintiffs issued a subpoena *ad testificandum* to Ms. Monica Washington, and noticed her deposition for May 9, 2006 at 10:30 a.m.  Ms. Washington is a hearing officer for the State Personnel Office who heard testimony at the plaintiffs' grievance hearings and rendered decisions.

    2.    The defendants have provided numerous documents that bear on factual matters related to grievances asserted by the plaintiffs.  These include responses to document production requests on January 24, 2006 [Docket #25], March 17, 2006 [Docket #47] and March 29, 2006 [Docket #74].  However, the defendants have declined to produce notes compiled by Ms. Washington in her role as hearing officer.  Further, the defendants have asserted the "deliberative privilege" which attaches to the thoughts,

considerations, and mental processes of Ms. Washington as hearing officer, and have declined to produce her for questioning regarding her conduct of the hearings.

3.   Persons performing adjudicative functions are not subject to examination in furtherance of the litigation objectives of the parties to a lawsuit. *Evans v. Justice of the Peace Court No. 19,* 652 A.2d 574,577 (Del. Supr. 1995). Examination of a judge's mental processes would be destructive of judicial responsibility and would undermine the integrity of the judicial process. *United States v. Morgan,* 313 U.S. 409, 422 (1941). The same privilege applies to a hearing officer such as Ms. Washington, who acts in a quasi-judicial capacity for the State Personnel Office. She cannot be questioned concerning her conduct of a grievance hearing. She is privileged from disclosing her personal thoughts, considerations, and mental processes leading to her findings and conclusions.

4.   The same authority would apply to bar disclosure of any notes compiled by Ms. Washington during the hearings in question, or in her capacity as hearing officer. Requiring disclosure of a hearing officer's notes would work the same harm as deposition questions to the hearing officer concerning the hearing. Each would improperly interfere with her ability to act as an impartial hearing officer exercising her independent judgment.

5.   The plaintiffs are free to obtain from the defendants and from other sources (such as the witnesses themselves) a record of the testimony at the hearing and the documents offered into evidence. The defendants have disclosed all pertinent factual information responsive to the plaintiffs' discovery requests.

6.   Movant hereby certifies that the parties have in good faith conferred and have exchanged messages in an effort to resolve this dispute without action by the Court. That effort has resulted in the disclosures set forth above, and a narrowing of the issue, but has failed to achieve full agreement as to the deposition or notes.

7.     Movant, in the interest of time, hereby waives, pursuant to Local Rule 7.1.2, the filing of a brief in support of this application, and instead has incorporated a memorandum of points and authorities within this Motion.

WHEREFORE, for the reasons set forth above, and in reliance on the authorities cited, the defendants pray that the deposition of Ms. Washington be stayed, pending a determination by the Court as to the deliberative privilege asserted by the defense in support of its application to quash the deposition.

/S/ **Ralph K. Durstein III (ID# 912)**

**Ralph K. Durstein III (ID# 912)**
**Deputy Attorney General**
**Civil Division**
**Department of Justice**
**820 North French Street**
**Wilmington, DE 19801**
**(302) 577-8510**
**Attorney for the Defendant**

**Dated: May 5, 2006**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DION HAWKINS, et al.,** ) | |
|     Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | C.A. No. 05-530-SLR |
| ) | |
| ) | |
| **STATE OF DELAWARE,** ) | |
| **DEPARTMENT OF CORRECTION,** ) | |
|     Defendant ) | |

## NOTICE AND CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, I electronically filed Defendant's Motion for Protective Order with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

    Roger D. Anderson, Esquire
    Smith, Katzenstein, & Furlow
    The Corporate Plaza
    800 Delaware Ave.
    P.O. Box 410
    Wilmington, DE 19899
    *Attorney for Plaintiffs*

                                        STATE OF DELAWARE
                                        DEPARTMENT OF JUSTICE

                                        /S/ Ralph K. Durstein III
                                        Ralph K. Durstein III (I.D. # 912)
                                        Deputy Attorney General
                                        820 N. French Street, 6th Floor
                                        Wilmington, DE 19801
                                        (302) 577-8400