IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAREN HAWKINS, ) | |
| DION HAWKINS, ) | |
| DONELL WINDER, ) | |
| CHRISTA BATES, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | C.A. No. 05-530-SLR |
| ) | |
| STATE OF DELAWARE ) | |
| DEPARTMENT OF CORRECTION, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

### RESPONSE TO MOTION FOR PROTECTIVE ORDER

On March 30, 2006, and April 18, 2006, Plaintiffs, through their undersigned attorneys, Smith, Katzenstein & Furlow LLP, pursuant to Federal Rules of Civil Procedure 30, 34, and 45 issued subpoenas for the production of documents and testimony relating to a 2003 grievance proceeding filed by plaintiff Dion Hawkins against the Defendant (D.I. 79 and 98). On May 5, 2006, Defendant filed its Motion for Protective Order concerning the deposition of Monica Washington, the hearing officer who heard and decided the 2003 grievance proceeding (D.I. 100) (the "Motion"). This is the Plaintiffs' response to the Motion.

### Background

1. On March 30, 2006, Plaintiffs issued and served a subpoena *duces tecum* to the Records Custodian of the State Personnel Office of the State of Delaware, located at 820 North French Street, Wilmington Delaware (D.I. 79, 88) ("Document Subpoena") seeking the production of documents (including tapes, transcripts and notes) related to plaintiff Dion Hawkins' 2003

grievance proceeding against the State of Delaware Department of Correction. Copies of the Document Subpoena were also served upon counsel for Defendant (see D.I. 79).

2.    Neither Defendant nor the State Personnel Office filed any objection to the Document Subpoena. On May 2, 2006, the Delaware Department of Justice produced documents responsive to the Document Subpoena. However, despite failing to file a timely objection, the Delaware Department of Justice withheld approximately 23 pages of handwritten notes of Ms. Washington on the ground of the deliberative process privilege.

3.    On April 18, 2006, plaintiffs noticed the deposition of Monica Washington[1], the hearing officer with regard to Dion Hawkins' 2003 grievance proceeding, and served by mail a subpoena *ad testificandum* on Ms. Washington (D.I. 98). Four days prior to the scheduled deposition, the Defendant filed its Motion.

***The Deposition Should Proceed.***

4.    Defendant asserts that the deliberative process privilege applies to prohibit the deposition of Ms. Washington. However, Defendant's assertion goes too far. It is well-settled that "it is most irregular to subject adjudicatory officials to pre-trial or trial interrogation *regarding their mental or decisional processes* in the proper performance of their official duties." *Brooks v. Johnson*, 560 A.2d 1001, 1004 (Del. 1989) emphasis added. In the Motion, the Defendant asserts that "[Ms. Washington] is privileged from disclosing her personal thoughts, considerations, and mental processes leading to her findings and conclusions" (Motion ¶ 3). However, that is not what the Plaintiffs are seeking here. Plaintiffs are seeking an impartial fact witness as to what was said

---

[1] Contrary to defendant's assertion in its Motion, Ms. Washington is no longer an employee of State of Delaware (Motion ¶ 1).

in the grievance proceeding. Ms. Washington's decision is not at issue in these proceedings. Plaintiffs are not challenging her decision or seeking in any way to attack her decision.

*The Deliberative Process Privilege Does Not Apply.*

5. For the deliberative process privilege to apply. the following requirements must be met: (i) the Court must decide whether the communications are in fact privileged and (ii) even if entitled to the privilege, the Court must balance the competing interests of the parties. *Gaskin v. Commonwealth of Pennsylvania,* No. Civ. A,. 94-4048, 1997 WL 734031 at *1 (E.D. Pa. Nov. 4. 1997) *citing Redland Soccer Club v. Department of the Army,* 55 F.3d. 827, 854 (3d Cir. 1995). In order to establish the privilege in the first instance, the Defendant must show that the information sought is both pre-decisional and deliberative. *Id.* Information that is purely factual, even if decision-makers used it in their deliberations is not usually protected. *Joe v. Prison Health Servs., Inc.,* 782 A.2d 24, 33 (Pa. Commw. Ct. 2001) *citing Commonwealth ex rel. Unified Judicial System v. Vartan,* 733 A.2d 1258 (Pa. 1999). Moreover, a quasi-judicial officer may be deposed as to relevant matters of fact as long as the factual matters do not probe into mental processes employed in formulating a decision." *Western Electric Co., Inc. v. Piezo Tech., Inc.,* 860 F.2d 428, 431-32 (Fed. Cir. 1988); *see also, Fisher & Porter Co. v. Corning Glass Works,* 61 F.R.D. 321, 322 (E.D. Pa. 1974)(permitting patent examiner's deposition as to factual matters related to patent application); *Shaffer Tool Works v. Joy Mfg. Co.,* 167 U.S.P.Q. 170, 171 (S.D. Tex 1970) (same). As set forth above, the information sought by the Plaintiffs is factual and not deliberative. Accordingly, the deliberative process privilege simply does not apply.

*Balance of Interests Weighs in Favor of the Plaintiffs.*

6.  Even if the deliberative process privilege did apply, the balance of interest of the parties weighs in favor of allowing the deposition to proceed. First, Ms. Washington's testimony is reasonably calculated to lead to the discovery of admissible evidence. Ms. Washington is in the unique position of an impartial fact witness with regard to the evidence and testimony that was offered by the parties in Mr. Hawkins 2003 grievance proceeding. There is no other source for this information other than Ms. Washington. None of the documents produced in response to the Document Subpoena or pursuant to Plaintiffs' other discovery requests are illustrative of the factual testimony given to Ms. Washington. Notably, there is no transcript or tape recording of the proceeding. There is no other way for the Plaintiffs to determine what witnesses -- the very same witnesses that are expected to testify here – said during these proceedings other than through Ms. Washington's testimony and the production of Ms. Washington's notes related to the proceeding. Second, Ms. Washington's testimony may expose inconsistencies with other statements made by the Defendant or its witness in this case. Thus, Ms. Washington's testimony may be relevant to impeach other statements and testimony offered by the Defendant. Accordingly, all of the factors set forth in *Gaskin* weigh in favor of allowing the deposition of Ms. Washington to proceed.[2]

8.  Plaintiffs believe Ms. Washington can testify as to factual matters related to Mr. Hawkins 2003 grievance proceeding without impinging on the deliberative process. Moreover, Ms. Washington is the only source available for such information. Accordingly, her deposition should

---

[2] Plaintiffs also assert that Ms. Washington's notes should also be produced on the grounds set forth above in connection with Ms. Washington's deposition. For purposes of judicial economy, Plaintiffs have not filed a separate motion, but if the Court denies Defendant's Motion and, in spite of such ruling, the Delaware Department of Justice continues to refuse to produce the notes, then Plaintiffs will separately move to compel production of the notes and seek attorneys' fees.

10014300.WPD                                    4

proceed.

Dated: May 18, 2006                      SMITH, KATZENSTEIN & FURLOW LLP

                                         _____
                                         Roger D. Anderson (I.D. No. 3480)
                                         800 Delaware Avenue, 7th Floor
                                         P.O. Box 410
                                         Wilmington, DE 19899
                                         Telephone: (302) 652-8400
                                         Facsimile: (302) 652-8405
                                         Email: rda@skfdelaware.com

                                         *Attorney for Plaintiffs*